Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

SEALED
BY ORDER OF THE COURT

## SEALED BY ORDER OF THE COURT
### United States District Court

#### for the

#### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

10 NOV 20 2007

at _____ o'clock and _____ min. _____
SUE BEITIA, CLERK

U.S.A. vs. <u>JOHN FRANCESCO</u>     Docket Nos. <u>CR 01-00313HG-08 & CR 01-00315HG-01</u>

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW MERILEE N. LAU, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of JOHN FRANCESCO who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 21st day of April 2003, who fixed the period of supervision at 5 years as to each of Counts 5 and 6 of the First Superseding Indictment, all such terms to run concurrently with each other and with CR 01-00315HG (Criminal No. CR 01-00313HG-08), and 5 years supervised release as to each of Counts 1, 2, 3, and 4 of the Indictment, all such terms to run concurrently with each other and with CR 01-00313HG (Criminal No. CR 01-00315HG-01), and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 10/26/2004, the Court modified the supervised release conditions and imposed the additional special condition as follows: 5) That the defendant be placed in Mahoney Hale, a community corrections center, for not more than 180 days at the discretion and direction of the Probation Office. The defendant shall participate in the programs at Mahoney Hale to include employment and job-training opportunities.

Prob 12C
(Rev. 1/06 D/HI)

2

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Forms 12B and 7A attached) as follows:

1.  On or about 10/7/2007, the subject engaged in conduct constituting Assault in the Third Degree, in violation of Hawaii Revised Statutes § 707-0712 and the General Condition.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on ___11/9/2007___

MERILEE N. LAU
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 9th day of November, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:    **FRANCESCO, John**
       **Criminal Nos. CR 01-00313HG-08 & CR 01-00315HG-01**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The subject pled guilty as follows:  CR 01-00313HG-08 - Aiding and Abetting the Distribution of Methamphetamine, a Class C felony (Count 5) and Distribution of Methamphetamine, a Class C felony (Count 6); and CR 01-00315HG-01 - Distribution of Methamphetamine, a Class C felony (Counts 1 and 2) and Distribution of in Excess of 5 Grams of Methamphetamine, a Class B felony (Counts 3 and 4).  On 4/21/2003, he was sentenced by Your Honor to 30 months imprisonment and 5 years supervised release, all such terms to run concurrently with each other.  The special conditions of supervised release are noted on the facesheet of the petition.

The subject's supervised release commenced on 11/19/2004.  He successfully completed the drug aftercare program without incident.  He was also employed full-time at Armstrong Builders until June 2007 when his position was terminated due to lack of work assignments.  He is currently employed through Staffing Partners, a temporary employment agency.

The subject committed the following violation:

**Violation No. 1 - On or About 10/7/2007, the Subject Engaged in Conduct Constituting Assault in the Third Degree:**  On 10/7/2007 at approximately 8:53 p.m., the subject left a message on this officer's voice mail indicating that he was in custody at the Honolulu Police Department (HPD) cellblock upon being arrested for assault.  The subject posted bail on 10/12/2007.  The subject was interviewed at the Probation Office on 10/19/2007.  He explained that on the evening of 10/7/2007, he went to his sister's apartment in Makiki to borrow money.  Upon arriving at the apartment building, he was unsuccessful in attempting to reach her telephonically.  He then followed a male resident (Charles Dixon) into the apartment building when he gained entrance from the side door. The man got upset and began hitting the subject with his cane.  The subject asked him to "please stop," but the man continued to hit him with his cane.  The subject stated he got upset and began hitting the man back.  The man fell to the ground and the subject kept hitting him until neighbors heard the commotion and came to the aid of the man.  The police were called and the subject was arrested for Assault in the Third Degree.

According to the police reports, the witnesses only observed the commotion when the subject was hitting the male resident.  However, a security tape was turned over to the HPD.  The subject admits hitting the man only after he was hit several times with the cane. According to the report filed by Dr. Elias Monte of Straub Hospital, the victim had no substantial or serious bodily injury.

On 11/5/2007, this officer telephonically interviewed the victim, Charles Dixon. According to Dixon, on 10/7/2007, he returned home from his walk and saw the subject using the building's intercom located outside the entrance to the lobby, but he was

Re:   **FRANCESCO, John**
      **Criminal Nos. CR 01-00313HG-08 & CR 01-00315HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

unsuccessful.  Dixon explained that the subject appeared intoxicated and unkempt.  Dixon then went to the side door to enter the building.  He stated that the subject attempted to gain entry into the building with him.  Dixon tried to close the door, but the subject attempted to force the door open.  The subject forced the door open and hit Dixon on his head and chest several times.  Dixon stated that he asked him to "please stop," but he kept on hitting him.  Dixon fell to the ground and the subject continued to hit him.  Neighbors came to his aid and called the police and the subject was arrested.

This officer viewed the security tape on 11/8/2007.  The tape shows Dixon inside the building attempting to block the subject from entering the building through the side entrance door.  The subject forces the door open as Dixon attempts to block the subject with his cane.  The subject forces himself into the building and a struggle ensues.  The subject is seen hitting Dixon several times.  Dixon is also seen attempting to defend himself with his cane.  Dixon falls to the ground and it shows the subject continuing to punch Dixon on his head.  The subject is then seen leaving the building through the front door.  Arraignment and Plea is scheduled for 11/21/2007 in Honolulu District Court.

The subject has prior convictions for Driving Under the Influence, Promoting a Detrimental Drug in the Third Degree, Drinking in Public, and Criminal Trespass.  Due to the serious nature of the violation, it is respectfully recommended that a No Bail warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

MERILEE N. LAU
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

MNL/pts

Re:    **FRANCESCO, John**
       **Criminal Nos. CR 01-00313HG-08 & CR 01-00315HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant is prohibited from the possession and use of alcohol.

PROB. 12B
(7/93)

REC'D/FILED **United States District Court**

for the

'04 OCT 27 A11 :12

**DISTRICT OF HAWAII**

U.S. PROBATION OFFICE
HONOLULU, HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 27 2004

at U o'clock and ___ min ___ M
WALTER A.Y.H. CHINN, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  JOHN FRANCESCO          Case Numbers:  CR 01-00313HG-08
                                                          CR 01-00315HG-01

Name of Sentencing Judicial Officer:    The Honorable Helen Gillmor
                                        U.S. District Judge

Date of Original Sentence:  4/21/2003

Original Offense:     Criminal No. CR 01-00313HG-08:  Count 5 - Aiding and Abetting
                      the Distribution of Methamphetamine, in violation of 21 U.S.C.
                      § 841(a)(1), a Class C felony; and Count 6 - Distribution of
                      Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), a Class C
                      felony

                      Criminal No. CR 01-00315HG-01:  Counts 1 and 2 - Distribution of
                      Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), a Class C
                      felony; and Counts 3 and 4 - Distribution of in Excess of 5 Grams of
                      Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), a Class B
                      felony

Original Sentence:    Criminal No. CR 01-00313HG-08:  30 months imprisonment as to
                      each of Counts 5 and 6 of the First Superseding Indictment, all
                      such terms to run concurrently with each other and with Criminal
                      No. CR 01-00315HG (as to each of Counts 1, 2, 3, and 4 of the
                      Indictment, all such terms to run concurrently with each other and
                      with Criminal No. CR 01-00313HG), and 5 years supervised
                      release as to each of Counts 5 and 6 of the First Superseding
                      Indictment, all such terms to run concurrently with each other and
                      with Criminal No. CR 01-00315HG (as to each of Counts 1, 2, 3,
                      and 4 of the Indictment, all such terms to run concurrently with
                      each other and with CR 01-00313HG) with the following special
                      conditions:  1) That the defendant participate in a substance abuse
                      program, which may include drug testing at the discretion and
                      direction of the Probation Office; 2) That the defendant is prohibited
                      from possessing any illegal or dangerous weapons; 3) That the
                      defendant provide the Probation Office access to any requested

Prob 12B
(7/93)

financial information; and 4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision:  Supervised Release  Date Supervision Commences:  11/19/2004

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

5)      That the defendant be placed in Mahoney Hale, a community corrections center, for not more than 180 days at the discretion and direction of the Probation Office. The defendant shall participate in the programs at Mahoney Hale to include employment and job-training opportunities.

## CAUSE

The subject is scheduled to begin supervised release on 11/19/2004.  On 10/14/2004, the subject was interviewed at Mahoney Hale.  The subject is currently in Mahoney Hale as a U.S. Bureau of Prisons inmate.  He related that he did not have a release residence and did not think that he would be able to secure a residence by his release date.  The subject requested that he be allowed to remain at Mahoney Hale from 11/19/2004 as a public law placement in order for him to save money and obtain housing.  We believe he would benefit from remaining at Mahoney Hale.

It is respectfully recommended that the Court modify the subject's conditions of supervised release to include a placement at Mahoney Hale.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release.  The subject waives his right to a hearing and to assistance of counsel.  The subject agrees to the modification of the conditions of supervised release.  The

Prob 12B
(7/93)

3

subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MERILEE N. LAU
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date:  10/19/2004

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[  ]    Other

_____
HELEN GILLMOR
U.S. District Judge

_____
10-26-04
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

#### Waiver of Hearing to Modify Conditions
#### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:
(CR 01-00313HG-08 and CR 01-00315HG-01)

5. *That the defendant be placed in Mahoney Hale, a community corrections center, for not more than 180 days at the discretion and direction of the Probation Office. The defendant shall participate in the programs at Mahoney Hale to include employment and job-training opportunities.*

Witness: _____          Signed: _____
MERILEE N. LAU                                      JOHN FRANCESCO
Senior U.S. Probation Officer                        Supervised Releasee

10 - 18 - 04
Date

PROB 7A
(Rev. 9/00, D/HI 7/02)

### Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:     John Francesco                                    Docket No.  CR 01-00313HG-08
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of FIVE (5) YEARS commencing upon release from imprisonment (11/19/04).

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓ ]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

### For offenses committed on or after September 13, 1994:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

(1)     *That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

(2)     *That the defendant is prohibited from possessing any illegal or dangerous weapons.*

**(special conditions continued on next page)**

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _John Francesco_          _11/24/04_
                  JOHN FRANCESCO                    Date
                      Defendant

_Merilee N. Lau_          _11-24-04_
                  MERILEE N. LAU                    Date
             ~~Senior~~ U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:    FRANCESCO, John
       Docket No. CR 01-00313HG-08

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)    *That the defendant provide the Probation Office access to any requested financial information.*

(4)    *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        11/27/04
                  JOHN FRANCESCO                       Date
                     Defendant

_____        11-24/04
         MERILEE N. LAU                       Date
     Senior U.S. Probation Officer